

Case 11-37913    Filed 05/24/13    Doc 124



FILED

bons

MAY 2 4 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re                                )    Case No. 11-37913-C-13
                                     )    Docket Control No. NLE-1
KEITH PAULSEN and                    )
PATRICIA PAULSEN,                    )
                                     )
                Debtors.             )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**

The Chapter 13 Trustee has filed an objection to claim of exemption in this case which was originally filed as a voluntary Chapter 7 case. Correct notice was provided, the Proof of Service filed on January 30, 2013, states that the Motion and supporting pleadings were served on Debtors and their attorney. By the court's calculation, 34 days' notice was provided. Jurisdiction for this Objection to Claim of Exemption exists pursuant to 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District. ED Cal. Gen Order 182, 223. This Objection to Exemption is a core matter arising under Title 11, including 11 U.S.C. § 522. 28 U.S.C. § 157(b)(2)(B).

The Trustee objects to the Debtors' use of the California exemptions under California Code of Civil Procedure § 703.140(b)(11)(D) and (E).[1]  Further, the Trustee asserts that even if the claim is deemed one for loss of future earning, the Debtors cannot show that such amounts are reasonably necessary for the support of the Debtors and Debtors' dependants.

Under C.C.P. § 703.140(b)(11)(D), a debtor may exempt a payment, not to exceed $17,425.00, on account of personal bodily injury, not including pain and suffering or compensation, for actual pecuniary loss of the debtor or an individual of whom the debtor is a dependant. In the instant case, the Debtors' asset is a breach of contract claim against Twin Rivers Unified School District ("TRUSD").  The Trustee objects that a breach of contract claim is not a personal injury claim.

Under C.C.P. § 703.140(b)(11)(E), a debtor may exempt payment in compensation of loss of future earnings of the debtor or an individual upon whom the debtor is or was dependant, to the extent reasonably necessary for the support of the debtor or any dependant of the debtor. In this instance, Debtor Patricia Paulsen is employed at California Financial Services, grossing approximately $10,416.00; she has not shown why the exemption of the settlement of this claim is reasonable or necessary for her support of the support of a dependant of hers.

**Exemption Stated on Schedule C**

When the Debtors filed the bankruptcy case they filed Schedules B and C with the Petition.  Dckt. 1.  On Schedule B they

---

[1]  The California Code of Civil Procedure is referenced in this Memorandum Opinion and Decision as "C.C.P."

list the asset in which the exemption is being claimed as,

> Claim v. Twin Rivers USD for breach of contract. 6 plaintiffs all seeking termination gaurentees [sic]; all being denied by USD

This is listed as a community asset, with the value stated to be "unknown."  Schedule B, Dckt. 1.

On Schedule C the Debtor claimed an exemption in the following described asset,

> Claim v. Twin Rivers USD for breach of contract. 6 plaintiffs all seeking termination gaurentees [sic]; all being denied by USD

The exemption is stated to be claimed under CCCP § 704.140(b)(11)(D),(E)," with the amount of $22,075.00 claimed as exempt.  The value of this asset is listed as "unknown."

On February 4, 2013, the Debtors filed an Amended Schedule B in which they modified the description of the claim against Twin Rivers Unified School District to state that while the value is "unknown," the Debtors believe it to have a value of at least $35,000.00.  Dckt. 84.  The Debtors made a corresponding change to Amended Schedule C, but did not alter the amount claimed as exempt. *Id.*

**Debtors' Opposition**

The Debtors filed an opposition to this motion on February 19, 2013.  In it, they raise the following points:

(1)  The case was originally filed as a Chapter 7 case, and the same exemptions ($22,075.00 of any settlement in the TRUSD lawsuit pursuant to the above-described statutes) were claimed and not objected to by the Chapter 7 Trustee.

(2)  Therefore, the case has been pending for more than one

3

year after the time to object to this claim of exemptions has terminated (citing F. R. Bankr. P. 1019).

(3) Moreover, the Debtors' claims against TRUSD allege tortious activity, which is analogous to personal injury and makes the exemptions claimed under 703.140(b)(11)(D) appropriate. (4) The evidence submitted by the Chapter 13 Trustee is insufficient to support a finding that the money exempted under 703.140(b)(11)(E) is not necessary to support the Debtors and their dependants.

The Chapter 13 Trustee filed a reply to Debtors' objection on February 26, 2013; in it the following points are raised:

(1) The time period to object to this claim of exemptions has not lapsed, because F. R. Bankr. P. 1019(1)(B) refers to a deadline applicable to cases converted to Chapter 7, not cases converted from Chapter 7. F. R. Bankr. P. 4003(b)(1) provides that a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The Chapter 13 341 meeting was held and concluded on January 24, 2013. The instant objection was filed six days thereafter, and, thus, is timely.

(2) The Trustee notes that the Debtors have not identified a case number in Schedule B, which would allow the Trustee to investigate the value of the lawsuit more fully; the Trustee believes that the Debtors have not been entirely forthcoming about the value of this lawsuit, especially

4

in light of the fact that the conversion to Chapter 13 appears to have been motivated by a desire to stop the Chapter 7 Trustee from selling the lawsuit in a sale subject to overbid by the defendant.

(3)  Debtors' claims about bad faith breach of contract notwithstanding, the lawsuit at issue is a breach of contract suit, not a personal injury suit.  Exemption of any portion of any proceeds therefrom under 703.140(b)(11)(D) is simply inappropriate.

**Analysis**

The key issue before the court is when, after a case is converted to one under Chapter 13, may an objection to exemption be filed.  Beginning with Federal Rule of Bankruptcy Procedure 4003(b), the relevant portion for the Rule provides that an objection to a exemption may be filed "within 30 days after the meeting of creditors held under § 341(a)...."  This Rule, and the deadline, expressly relate to the meeting of creditors under § 341(a).  That meeting is set within a reasonable time after the "order for relief" entered in the bankruptcy case.  11 U.S.C. § 341(a).

The Ninth Circuit Court of Appeal discussed these concepts in *Smith v. Kennedy (In re Smith)*, 235 F.3d 472 (9th Cir. 2000), concerning objecting to exemptions following the conversion of a case from Chapter 11 to one under Chapter 7.  It is the commencement of the case which constitutes the "order for relief" under the Bankruptcy Code.  *Id*. at 475, citing 11 U.S.C. § 301. The first meeting of creditors referenced in 11 U.S.C. § 341(a) is set from this order for relief.  While the conversion of a case

5

1  constitutes an order for relief for the Chapter to which the case
2  is converted, it "does not effect a change in the date of the
3  filing of the petition, the commencement of the case, or the order
4  for relief." 11 U.S.C. § 348(a).

5       Federal Rule of Bankruptcy Procedure 9019 addresses a number
6  of deadlines and sets new dates in a case converted to one under
7  Chapter 7. These deadlines include one for filing an objection to
8  exemptions in the Chapter 7 case. Fed. R. Bankr. P. 9019(2)(B).
9  If the "meeting of creditors held under § 341(a)" which has to be
10 conducted after the "order for relief" provided for in Federal Rule
11 of Bankruptcy Procedure 4003(b)(1) meant the order for relief
12 following conversion, no reason for Rule 9019(2)(B) would exist.[2]

13      Though the Chapter 13 Trustee may believe, and quite possibly
14 could be correct, that the exemption claimed by the Debtors is not
15 warranted under applicable law, no timely objection was filed in
16 the Chapter 7 case by creditors or the Chapter 7 Trustee. The time
17 period for such objection had well expired before the Debtors
18 sought to convert this case to one under Chapter 7. (Case filed
19 July 21, 2011, Chapter 7 341 Meeting concluded on August 30, 2011,
20 and the motion to convert was filed on December 9, 2012.) To the
21 extent that a proper objection to exemption existed, the creditors
22 and the estate (through the Chapter 7 Trustee) were afforded the
23 opportunity to assert such rights. Even if the debtor had no
24 colorable right to claim the exemption asserted, the exemption
25 cannot be contested on its merits if the objection deadline has
26 expired. *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). This

27

28      [2] Subparagraph 2(b) was added to Federal Rule of Bankruptcy
Procedure 1019 as a 2010 amendment to the Rule.

6

concept was fine tuned in *Schwab v. Reilly*, 130 S.Ct. 2652 (2010), holding that a monetary exemption does not remove the asset from the bankruptcy estate and does not deprive the estate of amounts in excess of the exemption.  If the debtor identifies the asset, the basis for the exemption, and states a dollar amount of the exemption, the creditor or trustee must object timely.  If no timely objection is filed, than that dollar amount is exempt (subject to a debtor's obligation to accurately and truthfully under penalty of perjury describe the asset).

The Debtors' Amended Schedules B and C do not alter the asset in which the exemption is being claimed or the amount being claimed as exempt.  The "amendment" merely adds that the Debtors now believe, in 2013, that the asset listed on Schedule B has a value of at least $35,000.00.  This does not alter the exemption they have claimed in this case since it was commenced on July 21, 2011.

The deadline for filing objections to claims of exemption in this case having expired on September 29, 2011, the objection to exemptions filed by the Chapter 7 Trustee is untimely and overruled.

The court shall issue an order denying the objection to claim of exemption consistent with this ruling.  This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052 and 9014.

Dated: May 24, 2013

RONALD H. SARGIS, Judge
United States Bankruptcy Court

7

This document does not constitute a certificate of service.  The parties below will be served a separate copy of the attached document through the BNC.

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Cindy Hill
5150 Sunrise Blvd #F-5
Fair Oaks, CA 95628

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Keith Paulsen
5257 Wyndham Oak Lane
Carmichael, CA 95608

Patricia Paulsen
5257 Wyndham Oak Lane
Carmichael, CA 95608